IN RE AMENDMENTS TO RULE 5 AND 8 OF DISCIPLINARY RULES OF STATE BD. OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS
2023 OK 106
Decided: 11/13/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 106, __ P.3d __

 

 

ORDER

Rule 5 and Rule 8 of the Disciplinary Rules of the State Board of Examiners of Certified Shorthand Reporters, Title 20, Chapter 20, Appendix 2, are hereby amended as shown on the attached Exhibit "A." The amended rules shall be effective immediately.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 13TH DAY OF NOVEMBER, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

 

 

EXHIBIT A

(clean -- no markup)

Disciplinary Rules of the State Board of Examiners of Certified Shorthand Reporters

Title 20, Chapter 20, Appendix 2

Rule 5. Complaints

The procedure for filing a complaint against a court reporter and the investigation of such complaint shall be as follows:

a) The Board shall furnish forms for a request for investigation to each person who alleges misconduct of a court reporter. Each complaint shall be in writing, although not necessarily in the prescribed form, and signed by the complainant. A complaint may be filed by any person, including another court reporter, who has knowledge or information of misconduct of a court reporter. The Board may initiate a complaint upon its own motion.

b) A complaint shall be filed with the Secretary of the Board, who shall transmit copies to all members of the Board. The Board shall conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings. The preliminary investigation conducted by the Board pursuant to this Rule shall not be considered a formal disciplinary proceeding, and the Board may make such inquiries as it deems appropriate to evaluate the matter.

1) The Board may solicit additional information from the complainant.

2) The Board may interview potential witnesses.

3) The Board shall inform the court reporter involved of the nature of the complaint and afford the court reporter an opportunity to respond thereto in writing.

c) After its preliminary investigation, should the Board determine that formal disciplinary proceedings are not warranted, the complainant and the court reporter involved shall be promptly notified in writing of such determination by the Secretary of the Board.

1) Such determination may be appealed by the complainant by filing a Petition for Review with the Clerk of the Supreme Court not more than thirty (30) days from the date of the Board's written notice.

2) Within forty-five (45) days from the date the Petition for Review is filed, the Board shall file with the Clerk of the Supreme Court the record related to its preliminary investigation and determination that formal disciplinary proceedings were not warranted, which shall consist of the following:

i) The complaint or request for investigation,

ii) The written response, if any, from the court reporter involved,

iii) The Board's written notice to the complainant that no formal disciplinary proceedings are warranted, and

iv) Any additional documents considered by the Board during its preliminary investigation.

3) Unless ordered by the Supreme Court, a designation of record for appeal will not be required from the Board. An extension of time for preparation of the record may be granted by order of the Supreme Court, for good cause shown. The Board shall promptly notify the complainant of the completion and transmittal of the record.

4) Such petition shall be processed by the Court as in other appeals from recommendations of the Board as hereinafter provided.

d) Should the Board determine that formal disciplinary proceedings are warranted, the Secretary of the Board shall prepare a formal complaint, as set forth in Rule 6.

e) The Board is not authorized to investigate or make factual determinations about the accuracy of an official transcript, nor can the Board direct an official reporter to release an audio recording or other work product to a complainant. Complaints regarding errors or omissions in an official transcript, including any requests to review a court reporter's audio recordings, must be raised before the court that is considering the underlying case. See Oklahoma Supreme Court Rules, Title 12, App. 1, Rule 1.32, Paragraph A, and Rules of the Oklahoma Court of Criminal Appeals, Title 22, Chap 18, App., Rule 2.2, Paragraph D.

1) Upon receipt of a complaint regarding accuracy of an official transcript, the Board shall send a written notice to the complainant and to the court reporter involved that the Board is without jurisdiction to consider the complaint and is not authorized to conduct further investigation. No appeal may be filed regarding this response by the Board.

2) However, the Board is authorized to conduct a preliminary investigation pursuant to this Rule if one or more courts has determined that a court reporter has committed significant transcript errors or omissions. In such situations, the Board may conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings for gross incompetence, gross or habitual neglect of duty, or other misconduct which is within the jurisdiction of the Board.

f) The Board shall obtain legal assistance from the Office of the Attorney General in investigating and processing complaints and conducting formal disciplinary proceedings, reinstatements after formal disciplinary proceedings, and any related appeals authorized by these Rules. The Office of the Attorney General is authorized to provide counsel and legal representation to the Board as is necessary for such matters.

Rule 8. Transmittal of Recommendation and Review by Supreme Court

a) Within forty-five (45) days after the date of the Board's decision following formal disciplinary proceedings, the Board shall file with the Clerk of the Supreme Court the complete record of the proceedings, which shall consist of the following:

1) The complaint;

2) The Board's written decision, which constitutes its recommendation, and proof of service thereof;

3) All other pleadings, if any;

4) A transcript of the formal disciplinary hearing; and

5) All exhibits offered at the hearing.

Unless ordered by the Supreme Court, a designation of record for appeal will not be required from the Board. An extension of time for preparation of the record may be granted only by order of the Supreme Court, for good cause shown. The Secretary of the Board shall promptly notify the court reporter respondent and the complainant of the completion and transmittal of the record.

b) Either the complainant or the court reporter may, within twenty (20) days of receipt of notice of completion and transmittal of the record, file a brief-in-chief contesting the Board's recommendation or any part thereof. An answer brief may be filed within ten (10) days after the filing of brief-in-chief. A reply brief may be filed within five (5) days after filing of the answer brief.

c) After filing of briefs, if any, the decision and recommendations of the Board shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions, or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court.

 

 

 EXHIBIT A

(markup shown)

Disciplinary Rules of the State Board of Examiners of Certified Shorthand Reporters

Title 20, Chapter 20, Appendix 2

Rule 5. Complaints

The procedure for filing a complaint against a court reporter and the investigation of such complaint shall be as follows:

a) The Board shall furnish forms for a request for investigation to each person who alleges misconduct of a court reporter. Each complaint shall be in writing, although not necessarily in the prescribed form, and signed by the complainant. A complaint may be filed by any person, including another court reporter, who has knowledge or information of misconduct of a court reporter. The Board may initiate a complaint upon its own motion.

b) A complaint shall be filed with the Secretary of the Board, who shall transmit copies to all members of the Board. The Board shall conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings. The preliminary investigation conducted by the Board pursuant to this Rule shall not be considered a formal disciplinary proceeding, and the Board may make such inquiries as it deems appropriate to evaluate the matter.

1) The Board may solicit additional information from the complainant.

2) The Board may interview or subpoena potential witnesses.

3) The Board shall inform the court reporter involved of the nature of the complaint and afford the court reporter an opportunity to respond thereto in writing.

c) After its preliminary investigation, should the Board determine that formal disciplinary proceedings are not warranted, the complainant and the court reporter involved shall be promptly notified in writing of such determination by the Secretary of the Board.

1) Such determination may be appealed by the complainant by filing a Petition for Review with the Clerk of the Supreme Court not more than thirty (30) days from the date of the Board's written notice decision.

2) Within forty-five (45) days from the date the Petition for Review is filed, the Board shall file with the Clerk of the Supreme Court the record related to its preliminary investigation and determination that formal disciplinary proceedings were not warranted, which shall consist of the following: 

i) The complaint or request for investigation,

ii) The written response, if any, from the court reporter involved, 

iii) The Board's written notice to the complainant that no formal disciplinary proceedings are warranted, and 

iv) Any additional documents considered by the Board during its preliminary investigation.

3) Unless ordered by the Supreme Court, a designation of record for appeal will not be required from the Board. An extension of time for preparation of the record may be granted by order of the Supreme Court, for good cause shown. The Board shall promptly notify the complainant of the completion and transmittal of the record.

4) Such petition shall be processed by the Court as in other appeals from recommendations of the Board as hereinafter provided.

d) Should the Board determine that formal disciplinary proceedings are warranted, the Secretary of the Board shall prepare a formal complaint, as set forth in Rule 6.

e) The Board is not authorized to investigate or make factual determinations about the accuracy of an official transcript, nor can the Board direct an official reporter to release an audio recording or other work product to a complainant. Complaints regarding errors or omissions in an official transcript, including any requests to review a court reporter's audio recordings, must be raised before the court that is considering the underlying case. See Oklahoma Supreme Court Rules, Title 12, App. 1, Rule 1.32, Paragraph A, and Rules of the Oklahoma Court of Criminal Appeals, Title 22, Chap 18, App., Rule 2.2, Paragraph D. 

1) Upon receipt of a complaint regarding accuracy of an official transcript, the Board shall send a written notice to the complainant and to the court reporter involved that the Board is without jurisdiction to consider the complaint and is not authorized to conduct further investigation. No appeal may be filed regarding this response by the Board.

2) However, the Board is authorized to conduct a preliminary investigation pursuant to this Rule if one or more courts has determined that a court reporter has committed significant transcript errors or omissions. In such situations, the Board may conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings for gross incompetence, gross or habitual neglect of duty, or other misconduct which is within the jurisdiction of the Board.

f) The Board shall obtain legal assistance from the Office of the Attorney General in investigating and processing complaints and conducting formal disciplinary proceedings, reinstatements after formal disciplinary proceedings, and any related appeals authorized by these Rules. The Office of the Attorney General is authorized to provide counsel and legal representation to the Board as is necessary for such matters.

Rule 8. Transmittal of Recommendation and Review by Supreme Court

a) Within forty-five (45) days after the date of the Board's decision following formal disciplinary proceedings, the Board shall file with the Clerk of the Supreme Court the complete record of the proceedings, which shall consist of the following:

1) The complaint;

2) The Board's written decision, which constitutes its recommendation, and proof of service thereof;

3) All other pleadings, if any;

4) A transcript of the formal disciplinary hearing; and

5) All exhibits offered at the hearing.

Unless ordered by the Supreme Court, a designation of record for appeal will not be required from the Board. An extension of time for preparation of the record may be granted only by order of the Supreme Court, for good cause shown. The Secretary of the Board shall promptly notify the court reporter respondent and the complainant of the completion and transmittal of the record.

b) Either the complainant or the court reporter may, within twenty (20) days of receipt of notice of completion and transmittal of the record, file a brief-in-chief contesting the Board's recommendation or any part thereof. An answer brief may be filed within ten (10) days after the filing of brief-in-chief. A reply brief may be filed within five (5) days after filing of the answer brief.

c) After filing of briefs, if any, the decision and recommendations of the Board shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions, or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court.